[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on May 25, 1963 at Fort Wayne, Indiana. The plaintiff has resided continuously in this state since 1986. There are no minor children issue of the marriage.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in 46b-81, 46b-82 and 46b-62 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
This is a marriage of some 27 years. Both parties are 53 years of age and in good health. Both parties are intelligent, articulate and personable individuals. Throughout this marriage the plaintiff assumed the role of homemaker, raising their two children now both over the age of eighteen, and was generally supportive of the defendant in his business endeavors. The defendant devoted his energies to his career and now holds a most responsible position as president of a well-established and well thought of advertising agency in New York. The defendant has an income of approximately $900,000 to $1,000,000 per year.
Although the plaintiff instituted this action in January 1990, the defendant had left the marital home in November 1988. The plaintiff held out hope that the defendant would return and a short period of counseling was initiated but without success. Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of their relationship.
Major Assets
The family home in Greenwich, Connecticut was purchased in 1986 for approximately $1,850,000. The parties spent 3 years remodeling and renovating the property. The defendant testified the renovations were over 2 Million. The parties stipulated that the husband's appraiser would testify as to a current fair market value of $3,500,000. The wife's appraiser would indicate a fair market value of $2,500,000. The property is presently in both names and is subject to mortgages totaling approximately $356,105.
The parties own property in Nantucket with title in the CT Page 6778 plaintiff's name. The parties agreed this property has a fair market value between $625,000 and $675,000. There is no mortgage on this property.
The defendant owns an apartment in New York for which he paid $2,650,000 in January 1990. The defendant testified he has a total investment of $3,850,000 in this apartment, including furnishings and remodeling. There is a mortgage of approximately $965,000 on this property. The defendant's appraiser would testify that this property has a fair market value of $2,750,000.
The parties jointly have an account referred to as the Neuberger Berman account, having an estimated present value of approximately $3,519,000.
The defendant also has a profit sharing plan solely in his name valued at $505,000.
Much testimony was elicited with respect to the value of the defendant's interest in his business, the advertising agency of Ammirati Puris, Inc. The defendant has spent his entire career in this business. When the agency was sold in 1987, the defendant realized approximately 13 Million Dollars. These funds became the major component of the Neuberger Berman account. A portion of these funds was also used for the purchase of the family home in Greenwich and for the defendant's apartment in New York in 1990.
The agency was repurchased by the defendant with a closing in May 1991 for approximately 20 Million Dollars plus an additional 10 Million Dollars, plus interest in a revenue sharing arrangement. The defendant has outstanding loans and obligations of approximately 4 Million Dollars.
Each expert valuated the agency from a different prospective. Ammirati Puris Inc., irrespective of which expert the court chooses to believe, provides the defendant with a source and flow of income with which to pay an award of alimony which the court determines is appropriate having considered all the statutory criteria.
Both parties have substantial tangible personal property by way of furniture, furnishings and contents contained in their respective homes.
I. Property Division
A. Real Estate CT Page 6779
1. Greenwich Property
The defendant shall forthwith transfer and assign to the plaintiff all his right, title and interest in and to the family home located at 14 Meadow Drive, Rock Ridge, Greenwich, Connecticut. The plaintiff shall be solely responsible for the mortgages on said property and shall hold the defendant harmless from any liability therefrom. The court is using the plaintiff's fair market value of $2.5 million dollars.
2. Nantucket Property
The plaintiff is awarded the entire interest in the real estate located at 26 liberty Street, Nantucket, Massachusetts. The financial affidavits indicated a joint ownership, but the testimony indicated that title was solely in the plaintiff's name. If the defendant has any interest in this property, it shall be transferred and assigned to the plaintiff forthwith.
3. New York Apartment
The defendant is awarded his entire interest in the Property located at 66 E. 79th Street, New York, New York, including the furniture and furnishings contained therein.
B. Other Property
1. Neuberger Berman Account
The Neuberger Berman account of approximately $3,519,000 shall be equally divided between the plaintiff and the defendant. This fund shall be divided in kind so as to avoid taxes and equally distribute the cost basis proportinately between the plaintiff and the defendant.
2. The furniture and furnishings contained in the Nantuckett, Massachusetts home shall be equally divided between the parties as they shall agree. If they are unable to agree, they shall consult with the Family Services Office for mediation. If this fails, the court will enter appropriate orders after holding a hearing on this matter.
3. The following assets are awarded to the plaintiff.
(a) the furniture and furnishings contained in the Greenwich, Connecticut marital home;
(b) the 1989 BMW 535 motor vehicle CT Page 6780
(c) the CBT Money Market account and the CBT checking accounts as listed on plaintiff's financial affidavit.
4. The following assets are awarded to the defendant:
(a) his entire interest in Ammirati Puris, Inc.
(b) his profit sharing plan at Ammirati Puris Inc.:
(c) the 1990 BMW 535 motor vehicle, the 1989 Chevrolet Blazer and the 1983 Jeep Wagoneer motor vehicle:
(d) the personal property as listed on the defendant's financial affidavit.
II. Alimony
1. Commencing September 1, 1991, the defendant during his lifetime, shall pay to the plaintiff as periodic alimony the sum of $23,000 per month or $276,000 per year until the plaintiff shall die, remarry or cohabit within the meaning of the statute.
2. Upon the defendant's retirement, the court shall take a second look at the award of periodic alimony.
III. Debts
Each party shall be responsible for the debts and liabilities as shown on their respective financial affidavits if not otherwise disposed of in this memorandum.
IV. Medical Benefits
The defendant shall provide COBRA coverage for the benefit of the plaintiff as is available through his company for a period of three years. The plaintiff shall be responsible for the cost of the medical coverage under the COBRA provisions.
V. Life Insurance
The defendant shall maintain Three Million ($3,000,000) Dollars in life insurance for the benefit of the plaintiff for so long as the defendant has alimony obligations. This provision shall be modifiable.
VI. Counsel Fees
The defendant shall pay to the plaintiff as counsel fees the sum of $50,000.
COPPETO, J. CT Page 6781